UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-185-RJC
3:07-cr-261-RJC

| | |
|---|---|
| DAVID EDWARD BOLAND, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1); the Government's Motion to Dismiss (Doc. No. 4); and Petitioner's Response, (Doc. No. 6). For the reasons that follow, the Government's motion will be granted and Petitioner's § 2255 motion will be denied and dismissed.

I.  BACKGROUND

Petitioner was indicted by a grand jury in this district on two counts of knowingly receiving images of minors involved in sexually explicit conduct which had been shipped in interstate or foreign commerce by means of a computer or other method, in violation of 18 U.S.C. § 2252(a), (b)(1) (Counts One and Two); one count of receiving images of child pornography which had been shipped or transported by any means, including a computer, through interstate or foreign commerce in violation of 18 U.S.C. § 2252(a)(2), (b)(1) (Count Three); and one count of possession of materials containing images of child pornography which had been shipped or transported in interstate or foreign commerce, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). (Case No. 3:07-cr-261, Doc. No. 1: Indictment).

1

Petitioner entered into a written plea agreement with assistance of counsel to plead guilty to Counts One and Four in exchange for dismissal of Counts Two and Three. (Id., Doc. No. 6). The plea agreement recited Petitioner's understanding that his prior child pornography conviction subjected him to a 15 year mandatory minimum sentence followed by a lifetime term of supervised release on Count One. (Id. at 1-2). The plea agreement also recited Petitioner's understanding that Count Four carried 10 to 20 years' imprisonment based on his prior conviction. (Id. at 2). Petitioner acknowledged in the agreement that the Court had not determined his sentence and that any estimate, from any source, including defense counsel, of his potential sentence was merely a predication and not a promise and that the Court had the discretion to impose any sentence up to the statutory maximum. (Id.). The parties agreed to recommend a total offense level of 30 after enhancements for material involving a prepubescent minor, portrayal of sadistic conduct, use of a computer, and more than 600 images, and reductions for conduct limited to receiving child pornography and acceptance of responsibility. (Id. at 3). Petitioner waived his right to appeal or collaterally attack his conviction and sentence except for ineffective assistance of counsel or prosecutorial misconduct. (Id. at 5).

Petitioner appeared with his counsel for his Plea and Rule 11 hearing before a magistrate judge and he was placed under oath. (Case No. 3:07-cr-261, Doc. No. 32: Plea Hr'g Tr. at 2-3). The magistrate judge explained the charges and punishments for each count, including the mandatory minimum 15 year sentence and lifetime supervised release for Count One and Petitioner responded that he understood. (Id. at 5). The magistrate judge also informed Petitioner that he could receive a sentence higher than the advisory guideline range and Petitioner responded that he understood. (Id. at 7). Petitioner agreed that he was waiving his trial,

2

appellate, and post-conviction rights and admitted that he was in fact guilty of the conduct charged in Counts One and Four. (Id. at 9-12). Finally, Petitioner agreed that no one had promised him leniency or a light sentence other than the terms of the plea agreement. (Id. at 13). The magistrate judge accepted Petitioner's plea as knowingly and voluntarily entered. (Id. at 14; Doc. No. 7: Acceptance and Entry of Guilty Plea at 5).

Petitioner did not object to the calculations in the presentence report (PSR), which matched those in the plea agreement. (Case No. 3:07-cr-261, Doc. No. 16). Prior to sentencing, the Government filed a motion for an upward departure under the Guidelines and a variance pursuant to 18 U.S.C. § 3553, (Id., Doc. No. 21), and counsel filed a memorandum objecting to the Government's motion and seeking the minimum statutory sentence, (Id., Doc. No. 22). Counsel also provided the Court with photographs of Petitioner's collections of other items, letters from family and friends, employment records, and a written statement by Petitioner. (Id.).

At the sentencing hearing, Petitioner stipulated that there was a factual basis for the plea and stated he had no objections to the PSR. (Case No. 3:07-cr-261, Doc. No. 33: Sent. Hr'g Tr. at 3-4). The parties presented their positions regarding the appropriate sentence and the Court imposed 234 months' imprisonment on Count One and 120 concurrent months on Count Four, followed by lifetime terms of supervised release. (Id., at 6-64; Doc. No. 25: Judgment at 2-3). The Court found an upward departure and variance were warranted because the PSR underrepresented Petitioner's criminal history and the seriousness of the offense. (Case No. 3:07-cr-261, Doc. No. 33: Sent. Hr'g Tr. at 64-71).

Petitioner appealed his sentence to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 23: Notice). Counsel filed a brief pursuant to Anders v. California, 386

3

U.S. 738 (1967), concluding that there were no meritorious issues for appeal, but raised the issue of whether Petitioner's sentence was lawfully entered. United States v. Boland, 374 F. App'x 424, 425 (4th Cir. 2010). Petitioner filed a supplemental brief raising the same issues as in the instant § 2255 motion.[1] (Case No. 08-4833, Doc. No. 45). The appellate court found that Petitioner's sentence was both procedurally and substantively reasonable and that Petitioner's issues in the pro se supplemental brief were without merit. Boland, 374 F. App'x at 426-27.

Petitioner then timely filed this § 2255 motion. (Doc. No. 1). He claims that: (1) he thought he was offered a plea of 9-10 years; (2) a prior conviction was too old to count under the guidelines; (3) there were no direct victims; (4) he is not a threat to society; and (5) counsel was ineffective for failing to present rebuttal information, to challenge amounts in the presentence report, and not presenting letters from family, friends, and a doctor, as well as Petitioner's arguments. (Id. at 14-15).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to a motion to vacate).

Any permissible inferences which are drawn from the underlying facts must be viewed in

---

[1] The appellate pro se brief and the listing of the grounds for post-conviction attack appear to be identical except for the final paragraph of the instant § 2255 motion alleging another instance of ineffective assistance of counsel. (Compare Case No. 08-4833, Doc. No. 45 at 1-2 with Doc. No. 1 at 14-15). In fact, the § 2255 pleading bears the filing stamp of the appellate court.

4

the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The Court has considered the record in this matter and applicable authority and concludes that Petitioner's claims can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970) (affirming summary disposition where files and records conclusively show that petitioner is entitled to no relief).

III.  DISCUSSION

    A.  Foreclosed by Direct Appeal

As noted above, Petitioner's claims were all previously raised and rejected on direct appeal. Therefore, he is not entitled to relief in this collateral proceeding. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.") (internal citation omitted); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (A petitioner "will be not be allowed to recast, under the guise of a collateral attack, questions fully considered" on direct appeal.).

    B.  Knowing Plea

Even if Petitioner were not foreclosed from raising the issue in Ground One, the Court would find again that his plea was knowing and voluntary. Petitioner now claims that he thought he "was being offered a plea of 9-10 years, as stated in the original, and second PSI not the mandatory minimum with lifetime probation." (Doc. No. 1: Motion at 14). The record flatly contradicts this assertion. The plea agreement clearly states he was subject to at least 15 years

5

and as much as 40 years in jail. (Case No. 3:07-cr-261, Doc. No. 6 at 2). Petitioner affirmed that he understood that penalty prior to entering his plea, which the magistrate judge and this Court found was knowing and voluntary. (Id., Doc. No. 7: Acceptance and Entry of Guilty Plea at 5, Doc. No. 32: Plea Hr'g at 14; Doc. No. 33: Sent. Hr'g Tr. at 3). Additionally, the draft and final PSRs state the guideline range based on Petitioner's plea agreement was 15 years, not 9-10 years. (Id., Doc. No. 13 at ¶ 65; Doc. No. 16 at ¶ 65).

Petitioner's conclusory assertion about his understanding of the plea at this stage is insufficient to overcome his prior sworn statements. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("a defendant's solemn declarations in open court affirming a plea agreement . . . carry a strong presumption of verity." 403 F.3d at 221 (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, such declarations present "a formidable barrier in any subsequent collateral proceedings," and may be set aside only under extraordinary circumstances. Id. Therefore, the record clearly shows Petitioner is not entitled to relief on this claim.

C. Waiver

Even if Petitioner were not foreclosed after direct appeal from raising his claims in Grounds Two through Four again under § 2255, he waived his right to raise them in his plea agreement, which only reserved issues of ineffective assistance of counsel and prosecutorial misconduct. (Case No. 3:07-cr-261, Doc. No. 6 at 5). Defendants may waive their rights to contest their convictions or sentences in collateral proceedings under § 2255 "so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Here, Petitioner swore at his Rule 11 hearing that he understood and agreed to the terms of his plea agreement, including the waiver provision. (Case No. 3:07-cr-261, Doc. No. 32: Plea Hr'g

6

Tr. at 9-12). He does not challenge the waiver, which the Court finds was knowing and voluntary. The issues in Grounds Two through Four merely implicate factors relating to the Court's sentencing decision; therefore, pursuant to the terms of his plea agreement, Petitioner has waived them.

D.  Ineffective Assistance of Counsel

Finally, Petitioner contends in Ground Five that his trial counsel was ineffective because he failed to represent him adequately during his sentencing hearing. In order to state a claim of ineffective assistance of counsel, Petitioner has the burden of establishing that counsel's performance was objectively unreasonable, and this deficient performance actually prejudiced the defense. See Strickland v. Washington, 466 U.S. 668 (1984). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996) (internal citations omitted).

Petitioner's counsel filed a detailed sentencing memorandum which addressed the nature and circumstances of the offenses and discussed Petitioner's personal history and characteristics. (Case No. 3:07-cr-261, Doc. No. 22). This memorandum provided specific details about Petitioner's obsessive passion for collecting all manner of things, including music and movies, such that the large collection of child pornography resulted from hoarding, not viewing. (Id. at 2). Counsel emphasized that Petitioner did not trade or distribute pornography and stressed that after being released on bond Petitioner refrained from using a computer, attended psychological treatment sessions with Dr. Luadzers, Ph.D., and maintained steady employment. (Id. at 2-4).

7

Additionally, the memorandum challenged the basis for the Government's motion for a departure and variance, contending that the factors relied upon by the Government were already used to enhance the guideline range. (Id. at 4-5). Attached to the memorandum were letters written by Petitioner, his mother, his aunt, and long-time acquaintances of the family. (Id. at Attachments 1-8). Although counsel did not submit a letter by Dr. Luadzers, his treatment is described in the memorandum, (Id. at 3-4), and Petitioner's allocution letter, (Id. at Attachment 7).

During the sentencing hearing, the Court received the attachments into evidence on counsel's motion. (Case No. 3:07-cr-261, Doc. No. 33: Sent. Hr'g Tr. at 5). Counsel cross-examined the Government's witness and argued at length against an upward departure or variance, noting Petitioner's family that was present and moving the Court to impose mandatory minimum 15 year sentence. (Id. at 27, 35-44). The Court acknowledged that it had considered all the exhibits submitted by counsel. (Id. at 44).

The Court finds that the record flatly contradicts Petitioner's allegations that counsel failed to debate with facts provided by Petitioner, to present supporting letters, and to present Petitioner's arguments. Counsel admirably represented Petitioner, but was simply unable to convince the Court that the minimum sentence was appropriate given the horrific nature and circumstances of the offenses and Petitioner's repeated criminal history. Therefore, Petitioner is not entitled to relief on this claim.

IV. CONCLUSION

Petitioner is foreclosed from pursuing the claims in his § 2255 motion because they were presented and rejected on direct appeal. He also waived all claims except ineffective assistance of counsel in his plea agreement. Even considering the merits, after reviewing the entire record

8

in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss, (Doc. No. 4), is **GRANTED**;

2. Petitioner's Motion to Vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court **DECLINES** to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong). Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: September 25, 2014

Robert J. Conrad, Jr.
United States District Judge